# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Roy F. Hillberry II,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0708** (Marion County 20-C-52)

**Donald Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy F. Hillberry II, by counsel John C. Rogers, appeals the Circuit Court of Marion County's August 4, 2021, order denying his petition for a writ of habeas corpus. Respondent Donald Ames, Superintendent, by counsel Patrick Morrisey and Mary Beth Niday, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of the first-degree robbery of a gambling parlor in Fairmont, West Virginia. *State v. Hillberry*, 233 W. Va. 27, 30-31, 754 S.E.2d 603, 606-07 (2014). The State's evidence at trial included videotapes from the gambling parlor capturing the robbery; a t-shirt obtained from petitioner's former roommate that matched the shirt worn by the robber on the video; the former roommate's identification of petitioner in the video, which identification was made by the shirt and shoes worn by the perpetrator as well as the scar noticeable on the perpetrator's lip; petitioner's coworker's testimony that petitioner told him about the robbery and that he had been "caught on camera"; and the coworker's testimony that petitioner said he was growing his hair out so that he would look different from the individual caught on video. *Id.* Ultimately, after a recidivist proceeding, petitioner was sentenced to life imprisonment, and his conviction and sentence were affirmed by this Court following a direct appeal. *Id.* at 31, 36, 754 S.E.2d at 607, 612.

Petitioner filed a petition for a writ of habeas corpus in April of 2020. In his petition, he asserted that the State introduced at trial cell-site location information ("CSLI") placing petitioner

1

near the scene of the gambling parlor at the time that it was robbed and that the CSLI was introduced through one of the investigating officers. Petitioner argued that the State obtained the CSLI in violation of his rights under the Fourth Amendment and that it improperly introduced the CSLI through a lay witness. He also claimed to have received ineffective assistance of counsel. Following an omnibus evidentiary hearing at which petitioner and his trial counsel testified, the habeas court denied petitioner habeas relief by order entered on August 4, 2021. This appeal followed, and our review is guided by the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

In petitioner's first assignment of error, he maintains that the CSLI was unconstitutionally obtained because it was obtained by a subpoena before it was properly obtained by a search warrant. *See Carpenter v. United States*, 138 S. Ct. 2206 (2018) (holding that obtaining CSLI from a wireless carrier constitutes a search). He also argues that the number of records obtained, "several days'" worth, exceeds that which is constitutionally permissible and that the CSLI data should have been presented through an expert, not lay, witness. *See* Syl. Pt. 2, *State v. Johnson*, 238 W. Va. 580, 797 S.E.2d 557 (2017) ("A witness must be qualified as an expert under Rule 702 of the West Virginia Rules of Evidence in order to present evidence of cell phone historical cell site data.").

We find no error in the habeas court's denial of relief on these grounds. First, just as the habeas court concluded, our review of the trial transcript reveals that the investigating officer testified that he obtained the CSLI after obtaining a search warrant. Petitioner offers no support for his assertion that the CSLI was obtained first with a subpoena. Likewise, petitioner fails to support his claim that the amount of CSLI was unconstitutionally excessive. The habeas court distinguished the number of records at issue here with the number at issue in *Carpenter* (129 days' worth, *see* 138 S. Ct. at 2212) and found that the "cases are not comparable." Petitioner does not challenge this finding or offer a legal basis upon which this Court could conclude that the amount of CSLI was excessive. So, petitioner has failed to carry his burden of demonstrating error in the proceedings below. *See Meadows v. Mutter*, 243 W. Va. 211, 218, 842 S.E.2d 764, 771 (2020) (citation omitted) ("[O]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court.").

We further find no error in the habeas court's conclusion that the officer's testimony, in lieu of expert testimony, on the CSLI amounted to harmless error. As recounted above, the evidence aside from the CSLI was "overwhelming" and included petitioner's roommate's identification of him as the perpetrator seen on the surveillance video and, in effect, his confession to the robbery to his coworker. *Hillberry*, 233 W. Va. at 36, 754 S.E.2d at 612 ("[E]vidence of the defendant's identity as the person who robbed the [gambling parlor] was overwhelming . . . .").

2

The CSLI was largely cumulative of the testimony from petitioner's coworker placing him at the scene, his roommate identifying him from the video placing him at the scene, and the investigating officers who also identified petitioner on the video. Just as was the case in *Johnson*, the jury would have found petitioner guilty beyond a reasonable doubt even without any improperly admitted CSLI, and because it was cumulative, the evidence had no prejudicial impact on the jury. 238 W. Va. at 594, 797 S.E.2d at 571.

In petitioner's second and final assignment of error, he alleges that he received ineffective assistance of counsel for seven reasons: counsel failed to (1) interview certain witnesses, (2) obtain a ruling on a motion to suppress, (3) "suppress the unconstitutionally suggestive photographic lineup," (4) call Paulette Boggs to testify at trial, (5) adequately cross-examine his former roommate at trial, (6) offer evidence for several assertions made during petitioner's opening statement,  and (7) allow petitioner to testify in his own defense.

It is well established that, to succeed on such claims, a petitioner must demonstrate both that "(1) [c]ounsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 1, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995) (citation omitted). As both prongs must be satisfied, this Court "may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *Id.* at 317, 465 S.E.2d at 419, Syl. Pt. 5, in part.

In line with Syllabus Point 5 of *Legursky*, we find no error in the habeas court's denial of relief on this ground because petitioner has done nothing more than conclude that the result of his trial would have been different had the allegedly unprofessional errors not occurred. He fails to explain how the purportedly uncontacted witnesses would have helped his case; address the ample evidence in support of his conviction beyond that which was the subject of the motion to suppress; acknowledge that this Court previously determined that the photo array was not impermissibly suggestive, *Hillberry*, 233 W. Va. at 36, 754 S.E.2d at 612; identify what Ms. Boggs would have testified to or how that expected testimony would have altered the result of his trial;[1] explain how a more rigorous cross-examination of his roommate would have diminished other probative evidence of his guilt; identify the evidence that should have been admitted (or even identify statements made by counsel for which evidence lacked); and explain how his testimony, had he testified, would have resulted in an acquittal. Again, we found previously that the "evidence of [petitioner's] identity as the person who robbed the [gambling parlor] was overwhelming." *Id.* This evidence neither included the CSLI nor would have been diminished had counsel performed in the manner suggested by petitioner. Consequently, at a minimum, he failed to establish the prejudice prong necessary to succeed on his ineffective assistance claim.

For the foregoing reasons, we affirm.

---

[1] Petitioner mentions only that Ms. Boggs told officers that she had "seen an individual matching the [robbery] suspect's description running up Hopewell Road shortly after the robbery." Although petitioner fails to address this, our review of the record reveals that this information was investigated, the individual seen running was identified and questioned, and he was eliminated as a suspect.

Affirmed.

**ISSUED:**  September 19, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn